ROBERT HOWELLS *et al.*, Plaintiffs-Appellants, v. JOHN R. HOFFMAN, Defendant-Appellee.

Third District No. 3—90—0352

Opinion filed March 6, 1991.

Julian E. Cannell, of Kavanagh, Scully, Sudow, White & Frederick, P.C., of Peoria (Talmadge G. Brenner, of counsel), for appellants.

Heyl, Royster, Voelker & Allen, of Peoria, and Barry J. Mandel and Jane W. Arnone, both of Baer, Marks & Upham, of New York, New York (Terri L. Combs, of counsel), for appellee.

JUSTICE SLATER delivered the opinion of the court:

This appeal arises from the dismissal with prejudice of plaintiffs' action against defendant for common law fraud, violations of the Illinois Securities Law of 1953 (Ill. Rev. Stat. 1989, ch. 121½, par. 137.1 et seq.) and violations of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1989, ch. 121½, par. 261 et seq.). The trial court held, by order dated May 1, 1990, that plaintiffs' only remedy was to arbitrate pursuant to their contract with Merrill, Lynch, Pierce, Fenner and Smith, Inc. (Merrill Lynch).

Plaintiffs maintained a security account with the brokerage house of Merrill Lynch for which defendant acted as account executive. The account held by plaintiffs was nondiscretionary in nature, and the initial investment approved by plaintiffs was the purchase of municipal bonds with a fixed rate of income. Defendant, subsequently and without prior approval of the plaintiffs, sold the bonds and reinvested the proceeds in investments known as "EIF Merritt International Series

1987" and "CRI Insured Mortgage Investment III, Limited Partnership." These investments then drastically decreased in value, leaving plaintiffs with only a fraction of their original investment.

Prior to making their initial investment, plaintiffs executed an agreement with Merrill Lynch which contained a provision requiring arbitration of controversies. The arbitration provision, in part, states:

> "The undersigned agrees, and by carrying an account for the undersigned you agree, that except as inconsistent with the foregoing sentence, all controversies which may arise between us, including but not limited to, any transaction or the construction, performance or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date hereof, shall be determined by arbitration and shall be governed by the laws of the State of New York."

It is undisputed that defendant was employed by Merrill Lynch at their Peoria, Illinois, office as an account executive and that his agency was disclosed to and known by plaintiffs at the time they entered into the agreement.

The issue on appeal is whether the trial court erred in determining that plaintiffs were bound to arbitrate their claim against defendant pursuant to their agreement with Merrill Lynch. We affirm.

 It is well established that where an arbitration agreement is contained within a contract evidencing a transaction involving commerce, the Federal Arbitration Act (FAA) (9 U.S.C. §2 (1982)) governs to the exclusion of State law. (See *Geldermann, Inc. v. Stathis* (1988), 177 Ill. App. 3d 414, 532 N.E.2d 366.) There is no dispute that the transactions herein involved interstate and not intrastate commerce.

 Plaintiffs first assert that the FAA does not cover State common law fraud actions. The cases cited by plaintiffs for their proposition, however, do not support their position. These cases address State law fraudulent inducement causes of actions wherein the conduct creating the cause of action arose prior to an agreement being signed mandating arbitration. (See *N.C. Antel & Brothers v. Sexton* (1891), 137 Ill. 410; *Mother Earth, Ltd. v. Strawberry Camel, Ltd.* (1979), 72 Ill. App. 3d 37, 390 N.E.2d 393.) In this case, the alleged wrongful conduct occurred after execution of the agreement. The arbitration agreement herein provides that "all controversies" arising between the parties "shall" be submitted to arbitration. Federal courts construing such broad arbitration provisions have declined to exclude fraud and other tort claims arising after execution of the agreement from FAA coverage. (See *Pierson v. Dean, Witter, Reynolds, Inc.* (7th Cir. 1984), 742 F.2d 334; *In re Oil Spill by "Amoco*

*Cadiz" Off the Coast of France March 16, 1978* (7th Cir. 1981), 659 F.2d 789.) This is simply not a fraudulent inducement case and, therefore, plaintiffs' argument that State law applies to separate tort fraud claims is without merit.

■ The next question is whether defendant is protected by the arbitration agreement under the third-party beneficiary theory. Defendant clearly did not sign the agreement which he asserts requires arbitration in this case. Plaintiffs argue that the agreement does not in any manner identify defendant as a beneficiary of the agreement. Plaintiffs correctly point out that Federal law requires, under ordinary contract principles, that the intended class of beneficiaries of the contract be named within the contract in order to be afforded protection. (See *F.W. Hempel & Co. v. Metal World, Inc.* (7th Cir. 1983), 721 F.2d 610.) In *Hempel*, however, the court of appeals stated that "[t]he express language of the contract and the surrounding circumstances at the time the contract was executed determine whether or not the contracting parties intended to benefit a third party directly." (*Hempel*, 721 F.2d at 613.) It is also well-established Federal law that doubts regarding the scope of arbitrable issues ought to be resolved in favor of arbitration. See *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.* (1983), 460 U.S. 1, 74 L. Ed. 2d 765, 103 S. Ct. 927.

Plaintiffs primarily rely on *Mowbray v. Moseley, Hallgarten, Estabrook & Weeden, Inc.* (1st Cir. 1986), 795 F.2d 1111, and *Kyung Sup Ahn v. Rooney, Pace Inc.* (S.D.N.Y. 1985), 624 F. Supp. 368, for their proposition that defendant is not a third-party beneficiary of their agreement with Merrill Lynch. In *Mowbray*, plaintiffs signed a contract with a clearing house broker who was not a party to the lawsuit. The arbitration provision of the contract made no mention of the named defendants nor did the defendants sign the agreement. Defendants were introducing brokers responsible solely for certain supervising functions over plaintiffs' account. Noting the agreement very explicitly excluded defendants from certain provisions, the court held that since it was not obvious that plaintiffs had intended defendants to be beneficiaries of plaintiffs' arbitration agreement with the clearing house broker, defendants were not third-party beneficiaries of the contract. (*Mowbray*, 795 F.2d 1111.) Similarly, in *Kyung Sup Ahn*, an introducing broker was not allowed to compel arbitration between the customer and the clearing broker. The court determined that the introducing broker was "entirely independent" from the clearing broker and was nothing more than an incidental beneficiary of the agreement. Defendants, therefore, lacked standing to enforce the arbitra-

tion clause of the agreement. (*Kyung Sup Ahn*, 624 F. Supp. 368.) *Mowbray* and *Kyung Sup Ahn* are distinguishable. Here, defendant was an employee of Merrill Lynch, the clearing broker; he was not merely an introducing broker as were the defendants in *Mowbray* and *Kyung Sup Ahn*. Defendant cites *Nesslage v. York Securities, Inc.* (8th Cir. 1987), 823 F.2d 231, and *Letizia v. Prudential Bache Securities, Inc.* (9th Cir. 1986), 802 F.2d 1185, which supports this significantly distinction.

In *Nesslage* plaintiffs signed a margin agreement with a clearing broker for which defendants York Securities, Inc. (York Securities), was the registered agent and Samson was its employee in charge of plaintiff's account. The agreement contained a provision requiring mandatory arbitration of any controversy related to plaintiffs' account. Plaintiffs became disappointed in the way the account was being handled and filed a complaint in the United States District Court alleging, among other things, State securities law and common law fraud violations. Plaintiffs argued on appeal that the district court erred in holding that York Securities and Samson could enforce the arbitration agreement on the grounds that they were not parties to the margin agreement. The court determined that York Securities and Samson were third-party beneficiaries to the agreement under the rationale that York Securities was the disclosed agent of the clearing broker and Samson was York's employee in charge of plaintiffs' account. (*Nesslage*, 823 F.2d 231.) In *Letizia*, plaintiff claimed that defendant Bache's account executive, Kwee, and Kwee's supervisor, Selbst, churned his account without regard to his investment objectives. The Federal district court held that plaintiff's claims, partly based on common law fraud, were subject to the arbitration clause of the agreement executed between plaintiff and Bache. On appeal, plaintiff argued that Bache's nonsignatory employees, Kwee and Selbst, were not covered by the agreement. The court noted that the Federal circuit courts have consistently held that nonsignatories to arbitration agreements may be bound by the agreement under ordinary contract and agency principles and that all of Kwee's and Selbst's alleged wrongful acts were in regard to their handling of plaintiff's account. The court therefore concluded that the arbitration provision of the agreement between plaintiff and Bache was intended to protect Bache's employees. *Letizia*, 802 F.2d 1185.

In the present case, defendant was a disclosed employee of Merrill Lynch. He operated the Peoria Merrill Lynch branch office and all of his alleged wrongful conduct related to his handling of plaintiffs' account. There is unquestionably strong Federal policy fa-

voring arbitration and *Nesslage* and *Letizia* are dispositive based on the alleged facts presented herein. The language within the arbitration provision which purports to limit itself to "controversies which may arise between us" clearly protects defendant as a disclosed employee of Merrill Lynch under Federal law.

For all of the aforementioned reasons, the decision of the circuit court of Peoria County dismissing plaintiffs' cause of action with prejudice is affirmed.

Affirmed.

STOUDER, P.J., and McCUSKEY, J., concur.