TERENCE P. BRENNAN, Plaintiff-Appellee and Cross-Appellant, v. BRACK STANFORD, Indiv. and d/b/a Stanford and Associates, Defendants-Appellants and Cross-Appellees.

First District (1st Division)   No. 1—91—1125

Opinion filed September 14, 1992.

Martin, Craig, Chester & Sonnenschein, of Chicago (Don R. Sampen, of counsel), for appellants.

Hamblet, Casey, Oremus & Vacin, of Chicago (John J. Casey, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Defendants Brack Stanford and Stanford and Associates appeal from an order of the circuit court confirming an arbitration award made to plaintiff, Terence P. Brennan, upon which judgment was entered. Plaintiff cross-appeals from that order, challenging the circuit court's determination of the interest rate to be charged against defendants. For reasons which follow, we affirm the circuit court's judgment and dismiss plaintiff's cross-appeal.

This action arises from a business transaction entered into by the parties in the spring of 1986. Plaintiff, an independent contractor, solicited and found clients who required the services of Stanford and Associates and Stanford Securities, Inc. In the spring of 1986, plaintiff learned that an employee of Scott Foresman and Company was attempting to purchase the communications division of that company, known as the Pegasus Broadcasting Company (Pegasus). The employee agreed to pay Stanford and Associates $500,000 to represent him in his attempt to purchase Pegasus. Upon execution of the purchase, defendants and plaintiff would receive $200,000 apiece. Expenses were to be paid from the remaining $100,000. If the expenses amounted to less than $100,000, defendants and plaintiff were to split the sum evenly.

On October 9, 1986, the financing of the Pegasus buyout was accomplished. Pegasus paid Stanford and Associates $500,000 by October 1987. Plaintiff, however, learned that defendants had used less than $100,000 in expenses and demanded his share in accordance with the agreement.

On October 5, 1988, plaintiff filed a complaint against defendants for breach of the contract. Plaintiff later filed a claim for arbitration against defendants with the National Association of Security Dealers (NASD). Defendants objected, claiming that the NASD lacked jurisdiction to hear the dispute. This objection initially was overruled by the NASD's director of arbitration and later was denied by the arbitration panel which ultimately heard the matter. Following a hearing, the panel rendered its decision on October 25, 1990. Plaintiff received an award of $47,121 with interest at 5% from and after November 1, 1987.

On November 7, 1990, plaintiff moved to enroll the arbitration award as a judgment of the circuit court. Plaintiff also sought to dis-

miss his breach of contract action. According to plaintiff's motion, both he and defendants were associate members of the NASD, and plaintiff was required by the NASD rules to file an arbitration claim. Defendants sought to vacate the arbitration award, renewing their contention that the parties did not have any arbitration agreement. Defendants maintained that the panel exceeded its authority because disputes between associate members of the NASD are ineligible for submission to arbitration under the NASD Code of Arbitration (NASD Code). Defendants filed an affidavit in which Brack Stanford swore that he was not a registered broker, dealer, or municipal securities broker or dealer authorized to engage in the securities business.

The circuit court eventually confirmed the plaintiff's award, ruling that the NASD Code required arbitration under these circumstances. The court, however, denied plaintiff's motion to increase the yearly interest rate from 5% to 9%.

I

Defendants argue that the circuit court's order must be reversed because the arbitration panel lacked jurisdiction to arbitrate the dispute.

The record clearly reveals that no written agreement to arbitrate was ever entered into by the parties. Plaintiff argued in the circuit court that the NASD Code necessitated the arbitration hearing because both parties were associated with a member of NASD. The NASD arbitration clause is contained in the membership agreement which provides:

"This Code of Arbitration Procedure is prescribed and adopted pursuant to Article IV, Section 2(b) of the By-Laws of the National Association of Security Dealers, Inc., (the Association) for the arbitration of any dispute, claim or controversy arising out of or in connection with the business of any member of the Association, with the exception of disputes involving the insurance business of any member which is also an insurance company:

(1) between or among members;

(2) between or among members and public customers, or others; and

(3) between or among members, registered clearing agencies with which the Association has entered into an agreement to utilize the Association's arbitration facilities and procedures and participants, pledges or other persons using the facilities of a registered clearing agency, as these terms

are defined under the rules of such a registered clearing agency." (NASD Manual par. 3701.)

In addition, paragraph eight of the NASD Code establishes that

"[a]ny dispute, claim or controversy eligible for submission under Part I of this Code between or among members and/or associated persons and/or certain others, arising in connection with the business of such member(s) or in connection with the activities of such associated person(s), shall be arbitrated under this Code, at the instance of:

(1) a member against another member

(2) a member against a person associated with a member or a person associated with a member; and

(3) a person associated with a member against a person associated with a member." NASD Manual par. 3708.

■■ The Federal Arbitration Act (FAA) states:

"A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction *** shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." (9 U.S.C. §2 (1982).)

Under the FAA, Federal law applies to all questions of interpretation, construction, and enforcement of arbitration agreements in contracts concerning interstate commerce. (*Lippus v. Dahlgren Manufacturing Co.* (E.D.N.Y. 1986), 644 F. Supp. 1473, 1482.) The NASD arbitration clause at issue here has been held to involve interstate commerce. (*Austin Municipal Securities, Inc. v. National Association of Securities Dealers, Inc.* (5th Cir. 1985), 757 F.2d 676.) Generally, Federal policy favors arbitration when there is any doubt as to the issue. (See *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.* (1983), 460 U.S. 1, 24-25, 74 L. Ed. 2d 765, 785, 103 S. Ct. 927, 941; *Wick v. Atlantic Marine, Inc.* (5th Cir. 1979), 605 F.2d 166, 168.) In interpreting a statute or a code of arbitration, a court is obliged to give effect, if possible, to every section of the code. *Reiter v. Sonotone Corp.* (1979), 442 U.S. 330, 60 L. Ed. 2d 931, 99 S. Ct. 2326.

■■ Plaintiff initially sought arbitration against Stanford individually and doing business as Stanford and Associates. In his amended claim for arbitration, he added two claims against Stanford Companies. This entity is actually known as Stanford Securities, Inc. It is undisputed that Stanford Securities, Inc., is a member of the NASD and that Brack Stanford is associated with that member entity. Plaintiff, too, was associated with the member. Accordingly, paragraph 3708 of

the NASD Code, which specifically extends to disputes involving persons associated with members, is applicable to the circumstances presented here. Moreover, we note that defendants attempted to run this business transaction through an unincorporated entity. Based on the foregoing, the circuit court correctly ruled that the NASD had jurisdiction to arbitrate the parties' dispute.

## II

Plaintiff's cross-appeal challenges the circuit court's approval of the arbitration panel's determination of the rate of interest to be charged on the outstanding amount owed to plaintiff. This court, however, lacks jurisdiction to hear the matter.

■ Supreme Court Rule 303(a)(3) (134 Ill. 2d R. 303(a)(3)) provides that notices of appeal by parties other than the original appellant must be filed "within 10 days after service upon him, or within 30 days of the entry of the order disposing of the last pending post-trial motion, whichever is later." Here, defendants' notice of appeal was filed April 5, 1991. Plaintiff's notice of cross-appeal was not filed until April 24, 1991, clearly beyond 10 days of defendants' timely filed notice of appeal and beyond 30 days of the circuit court's final order. Although defendants filed a post-trial motion seeking an extension of time in which to file an appeal bond, which was allowed by order of the circuit court, such a motion does not attack the original judgment and is not considered an appropriate post-trial motion for purposes of this rule. (See *In re Petition of the Village of Kildeer to Annex Certain Property* (1987), 162 Ill. App. 3d 262, 514 N.E.2d 1020, *aff'd* (1988), 124 Ill. 2d 533, 530 N.E.2d 491.) Accordingly, this court lacks jurisdiction, and the cross-appeal cannot be considered. See *Case International Co. v. American National Bank & Trust Co.* (1974), 18 Ill. App. 3d 297, 309 N.E.2d 750.

The order of the circuit court is affirmed, and plaintiff's cross-appeal is dismissed for lack of jurisdiction.

Affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.