RANDALL JOHNSON, Plaintiff-Appellee, v. DAVID NOBLE *et al.*, Defendants-Appellants (First America Equities Corporation, Defendant).

First District (4th Division)   No. 1—91—3828

Opinion filed December 31, 1992.

Chris Averkiou, of Chicago, for appellants.

Sidney C. Kleinman and Robert S. Hirschhorn, both of McBride, Baker & Coles, of Chicago, for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The defendants, David Noble and William Spight, filed a motion in the trial court to compel arbitration. The motion was denied. This interlocutory appeal is pursuant to Supreme Court Rule 307(a)(1), which provides for interlocutory appeals from orders "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." (134 Ill. 2d R. 307(a)(1).) This is an appealable order under both Federal and Illinois law. (*Asset Allocation & Management Co. v. Western Employers Insurance Co.* (7th Cir. 1989), 892 F.2d 566, 574; *Cencula v. Keller* (1987), 152 Ill. App. 3d 754, 756, 504 N.E.2d 997.) First America Equities Corporation (First America) was a party defendant in the trial court but is not a party to this appeal.

The complaint alleges that there were two contracts between the parties, one oral and the other written. Counts I and II emanated from the alleged oral agreement at a date stated to be prior to April 26, 1990. Count III emanated from the written contract dated May 20, 1990, which contained an arbitration clause. In addition to those two contracts that provide the foundation for the complaint in this case, there was another contract that preceded these

and affects this proceeding, a contract between the plaintiff Randall Johnson and the firm of Donaldson, Lufkin & Jenrette (DLJ).

In the Johnson contract with DLJ, DLJ agreed to pay Johnson a finder's fee for services Johnson rendered to DLJ. In turn Johnson entered into the oral agreement with Noble both personally and as vice-president of First America. Under this oral agreement, First America promised to accept the payments from DLJ in trust and to forward them to Johnson. In exchange for the promise, Johnson agreed to pay First America 5% of the finder's fee Johnson had earned. The complaint alleges that both the contract between Johnson and DLJ and the oral agreement between Johnson and Noble were entered into prior to April 26, 1990.

On May 20, 1990, Johnson entered into a written contract with First America entitled "Registered Representative Agreement." Under this written agreement, Johnson was authorized to offer and sell securities and solicit investment transactions on behalf of First America. It was specifically stated that Johnson was an independent contractor who was not required to attend meetings or work a set number of hours and was to pay his own expenses. He could pursue his own investment business and pursue other business opportunities. It was this contract that contained the arbitration provision which provides that "[a]ny claim or controversy arising out of or relating to this agreement *** shall *** be settled by arbitration in accordance with the rules of the National Association of Securities Dealers and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. Arbitration shall be held in San Francisco, California." Under section 8(a) of the National Association of Securities Dealers (NASD) Code of Arbitration Procedure:

> "Any dispute, claim or controversy eligible for submission under Part 1 of this Code between or among members and/or associated persons, and/or certain others, arising in connection with the business of such member(s) or in connection with the activities of such associated person(s), shall be arbitrated under this Code, at the instance of:
> ***
> (2) a member against a person associated with a member or a person associated with a member against a member ***."

First America was a member of the NASD and Noble was an NASD associated person. Johnson was a person associated with an NASD member.

On July 19, 1990, after all of the agreements were entered into and in response to a request by Noble, DLJ issued a check for Johnson's finder's fee payable only to First America in the amount of $18,700. First America did not pay Johnson and count I of the complaint alleged that this was a breach of contract. Count II alleged that it was also a breach of a fiduciary duty. Count III of the complaint was brought under the Illinois Wage Payment and Collection Act (Act). (Ill. Rev. Stat. 1989, ch. 48, par. 39m—1 *et seq.*) This count alleged that in July and August 1990, Johnson as a security salesperson earned over $6,000 in commissions which was not paid and that these commissions were wages and salary and that because defendants First America, Noble and Spight intended to deprive Johnson of his wages, salary and commissions, they were in violation of the Act.

First America failed to appear, and a default judgment was entered against it. Noble and Spight filed a motion to dismiss and, in the alternative, as required under the "Registered Representative Agreement," a motion to compel arbitration under the Federal Arbitration Act. (9 U.S.C. §1 *et seq.* (1988).) The motion to compel arbitration was denied, and it is from that order that this appeal proceeds.

As to counts I and II, the breach of contract and fiduciary duty arising out of the oral contract prior to April 26, 1990, the Illinois Supreme Court case of *Donaldson, Lufkin & Jenrette Futures, Inc. v. Barr* (1988), 124 Ill. 2d 435, 530 N.E.2d 439, states the applicable law. The court there stated:

> "Where the language of the arbitration agreement is clear, and it is apparent that the dispute sought to be arbitrated falls within the scope of the arbitration clause, the court should decide the arbitrability issue and compel arbitration. [Citations.] Similarly, if it is apparent that the issue sought to be arbitrated is not within the ambit of the arbitration clause, the court should decide the arbitrability issue in favor of the opposing party, because there is no agreement to arbitrate."

(*Donaldson*, 124 Ill. 2d at 445, 530 N.E.2d at 443.) Arbitration is a matter of contract, and a party cannot be required to submit an issue to arbitration that he has not agreed to submit. (*A T & T Technologies, Inc. v. Communications Workers of America* (1986), 475 U.S. 643, 648, 89 L. Ed. 2d 648, 655, 106 S. Ct. 1415, 1418.) It is apparent here that the issue sought to be arbitrated in counts I and II is not within the ambit of the arbitration clause, and the trial court was correct in its ruling. The arbitration clause

arose in a contract entered into between the same parties subsequent to the oral agreement and independent of it. The original agreement between these parties to act as a collecting agent for a finder's fee that Johnson had earned from DLJ is distinct both in time and in subject matter from the subsequently entered into "Registered Representative Agreement" between these parties whereby Johnson was to offer and sell securities and solicit investment transactions. The trial court, therefore, was correct in denying the motion to refer counts I and II to an arbitrator.

As to count III, Johnson makes a number of arguments as to why it is not arbitrable. Johnson first contends that the Illinois Wage Payment and Collection Act expresses Illinois policy because it is contained in a statute that also has a penal provision. In the case of *Perry v. Thomas* (1987), 482 U.S. 483, 96 L. Ed. 2d 426, 107 S. Ct. 2520, this issue was determined in favor of the position advanced by Noble and Spight. *Perry* specifically holds that the Federal Arbitration Act preempts State law.

Johnson then contends that the Federal Arbitration Act is not applicable because he was an employee and the Act specifically states that "nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. §1 (1988).

As Noble and Spight point out, the contract specifically states that Johnson is an independent contractor, not an employee. He has to provide his own office space and pay his own office expenses and any other costs and expenses of doing business. There is no indication of control over Johnson in the contract other than that he must conduct his business according to rules and regulations of the regulatory bodies. We find that Johnson is not an employee and is accordingly not exempt under this provision of the Federal Arbitration Act.

Johnson next contends that neither Noble nor Spight is a party to the agreement because the agreement that contains the arbitration clause was between First America Equities and Johnson. Noble and Spight respond that they are third-party beneficiaries. The third-party beneficiary doctrine applies to arbitration agreements. (*McKinstry Co. v. Sheet Metal Workers International, Local Union No. 16* (9th Cir. 1988), 859 F.2d 1382, 1384.) Where it is shown that the signatories to the agreement intended that the non-signatories were to derive benefits from the agreement and where

the arbitration clause itself is susceptible to this interpretation, then arbitration is proper. *McKinstry*, 859 F.2d at 1384-85.

■■ *Howells v. Hoffman* (1991), 209 Ill. App. 3d 1004, 568 N.E.2d 934, in construing the language of the arbitration agreement which purported to limit itself to "controversies which may arise between us" held that the agreement protected the defendant as a disclosed employee of Merrill Lynch. (*Howells*, 209 Ill. App. 3d at 1009, 568 N.E.2d at 937.) *Howells* relied substantially on the reasoning of *Nesslage v. York Securities, Inc.* (8th Cir. 1987), 823 F.2d 231. In *Nesslage*, the agreement provided that "[a]ny controversy arising out of or relating to [the account] *** shall be settled by arbitration." (*Nesslage*, 823 F.2d at 232.) The court held that the coverage of the arbitration clause benefitted Q & R Clearing Corporation, the signatory of the agreement, York Securities, the disclosed agent of Q & R Clearing Corporation, and Samson, the employee of York Securities that was handling the account. So, too, here, Noble and Spight as employees of First America and associated persons with a member under the NASD rules as stated in the agreement are third-party beneficiaries and parties to the agreement.

■■ Johnson next contends that arbitration rights have been waived because neither Johnson nor First America requested arbitration. According to Johnson, it follows that Noble and Spight cannot have any greater rights as agents than their principal, First America. This argument fails because the matter does not proceed on the basis of agency, but rather on the basis that the parties are third-party beneficiaries. As such, they made a written demand for arbitration in this proceeding.

Johnson further argues that since First America is no longer a member of the National Association of Security Dealers, it could not avail itself of arbitration rights. Johnson provides no authority for his argument. He refers to the National Association of Security Dealers rules, which state that the Code provides for arbitration of any dispute between or among members. However, the nub of the matter is that if arbitration arises out of a contract and the contract specifically provides that it will be done under the National Association of Security Dealers rules, the contract providing for arbitration stands whether or not First America is still a member.

Finally, Johnson argues, again without authority, that because the circuit court ruled against First America on Johnson's claim without any reference to arbitration, there is a possibility of conflicting decisions. As with the preceding argument, the parties have bargained for arbitration and Johnson and Spight are entitled to

have their matter arbitrated pursuant to the contract that was entered into.

The trial court's denial of the motion to refer counts I and II of the complaint to an arbitrator is affirmed. The court's ruling as to count III is reversed.

Affirmed in part; reversed in part.

JOHNSON and LINN,* JJ., concur.

---

*Justice Linn participated in this disposition prior to his retirement.