LEWIS McDONALD, Plaintiff-Appellant, v. JOHN MABEE *et al.*, Defendants-Appellees.

Third District   No. 3—92—0319

Opinion filed February 3, 1993.—Modified on denial of rehearing March 11, 1993.

James R. Carter, P.C., of Peoria (James R. Carter, of counsel), for appellant.

Joseph R. Napoli, Ltd., of Peoria (Joseph R. Napoli, of counsel), and Gibbs, Roper, Loots & Williams, S.C., of Milwaukee, Wisconsin (Robert E. Wrenn, of counsel), for appellee John Mabee.

Leonard W. Sachs, of Howard & Howard, of Peoria (Timothy J. Howard, of counsel), for appellee Gregory Abbott.

JUSTICE BARRY delivered the opinion of the court:

Plaintiff Lewis McDonald, a former account executive employed by the brokerage firm of Blunt, Ellis & Loewi (hereafter, Blunt), brought suit in the circuit court of Peoria County against John Mabee, vice-president and branch manager of the Blunt office in Peoria, Illinois, and against Gregory Abbott, also an account executive employed by Blunt in Peoria. Plaintiff alleged that Mabee was guilty of conspiracy and intentional interference with contract and business relations and that Abbott had committed breach of contract, breach of fiduciary duty and conspiracy. Both Abbott and Mabee filed motions to compel arbitration pursuant to the Illinois Uniform Arbitration Act (710 ILCS 5/1 *et seq.* (West 1992)) and the Federal Arbitration Act (9 U.S.C. §1 *et seq.* (1992)). The motions were granted. McDonald then filed this interlocutory appeal pursuant to Supreme Court Rule 307 (134 Ill. 2d R. 307).

McDonald's complaint included allegations that he and Abbott had entered into a partnership agreement to share commissions on certain stock transactions within a joint executive account. The partnership arrangement allegedly was authorized by Blunt and was designated "PEO52" in Blunt's accounting system. The disputes underlying this litigation relate to Abbott's alleged breach of the partnership agreement and Mabee's participation with Abbott in a scheme to transfer

all the partnership customers and accounts to Abbott and to terminate McDonald's employment.

Blunt was a member of the National Association of Securities Dealers, Inc. (NASD). Both McDonald and Abbott submitted an "Application for Registration" as a registered representative of a member of NASD. The application form required the applicant to certify that he would comply with all the bylaws, rules, and code of procedure of NASD. The NASD Code of Arbitration Procedure (Code) contains two provisions which are of concern here.

"Par. 3701. Matters Eligible for Submission.

Sec. 1. This Code of Arbitration Procedure is prescribed and adopted *** for the arbitration of any dispute, claim or controversy arising out of or in connection with the business of any member of the Association ***:

(1) between or among members;

(2) between or among members and public customers, or others; and

(3) between or among members, registered agencies with which the Association has entered into an agreement to utilize the Association's arbitration facilities and procedures, and participants, pledgees or other persons using the facilities of a registered clearing agency ***.

* * *

Par. 3708. Required Submission.

Sec. 8. (a) Any dispute, claim or controversy eligible for submission under Part I of this Code between or among members and/or associated persons, and/or certain others, arising in connection with the business of such member(s) or in connection with the activities of such associated person(s), shall be arbitrated under this Code, at the instance of:

(1) a member against another member;

(2) a member against a person associated with a member or a person associated with a member against a member; and,

(3) a person associated with a member against a person associated with a member."

Undisputedly, Mabee, Abbott and McDonald are all "persons associated with a member" under paragraph 3708 of the NASD Code. The question is whether McDonald's claim is one eligible for submission to arbitration under paragraph 3701 in part I of the Code. If so, then submission is required under paragraph 3708 and under section 2 of the Federal Arbitration Act (9 U.S.C. §2 (1992)), which states that "a written provision of any maritime transaction or a contract evidencing

a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction *** shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

Plaintiff McDonald contends that arbitration is not required for all disputes which might arise between parties to a contract which contains an arbitration agreement, but just those disputes which the parties have agreed to arbitrate by crystal clear language. (*C A C Graphics, Inc. v. Taylor Corp.* (1987), 154 Ill. App. 3d 283, 507 N.E.2d 171; *Silver Cross Hospital v. S.N. Neilsen Co.* (1972), 8 Ill. App. 3d 1000, 291 N.E.2d 247.) These cases, therefore, indicate that the general rule applied by many Illinois courts is that arbitration can be compelled only where the parties have clearly agreed to arbitrate the matter at issue. Thus, if the scope of an arbitration clause is ambiguous or in doubt, arbitration would not be ordered.

■ Federal law, on the other hand, requires that any doubt as to the arbitrability of an issue be resolved in favor of arbitration. (*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.* (1983), 460 U.S. 1, 74 L. Ed. 2d 765, 103 S. Ct. 927; *Howells v. Hoffman* (1991), 209 Ill. App. 3d 1004, 568 N.E.2d 934.) Both State and Federal courts are in agreement that Federal law governs issues and agreements affecting interstate commerce. (*First Investors Corp. v. American Capital Financial Services, Inc.* (9th Cir. 1987), 823 F.2d 307; *Geldermann, Inc. v. Stathis* (1988), 177 Ill. App. 3d 414, 532 N.E.2d 366.) Federal courts have previously ruled that disputes involving the NASD Code of Arbitration Procedure do involve interstate commerce (*Austin Municipal Securities, Inc. v. National Association of Securities Dealers, Inc.* (5th Cir. 1985), 757 F.2d 676), and an Illinois decision has recently agreed (*Brennan v. Stanford* (1992), 236 Ill. App. 3d 863, 600 N.E.2d 404).

Plaintiff contends that under paragraph 3701 of the Code one party to the dispute must be a member of NASD. A narrow construction of paragraph 3701 was rejected in *Austin Municipal Securities, Inc.*, where one party was NASD itself. The circuit court of appeals stated:

> "The arbitration agreement fails to clearly resolve whether the agreement to arbitrate encompasses claims that also involve the NASD itself, or claims arising out of the acts of its officers. In light of the federal policy favoring arbitration, however, the written agreement to submit disputes to arbitration should be liberally construed, and any doubt as to the arbitrability of an

issue should be resolved in favor of arbitration." (*Austin Municipal Securities, Inc.*, 757 F.2d at 696.)

We believe that the arbitration agreement before us must be liberally construed in favor of arbitration and that these disputes among persons associated with a member of NASD are covered by the arbitration clause of the Code.

Plaintiff argues that his claims against Abbott and Mabee do not arise out of the business of Blunt and, therefore, are not within the scope of the arbitration clause of the NASD Code. (*Donaldson, Lufkin & Jenrette Futures, Inc. v. Barr* (1988), 124 Ill. 2d 435, 530 N.E.2d 439.) In *Donaldson*, the plaintiff asserted four claims, one of which involved severance pay and another, certain unpaid expenses. The supreme court ruled that questions concerning severance pay and unpaid expenses clearly arose out of plaintiff's contract of employment and clearly did not arise out of Exchange business. Plaintiff argues that his claims against Abbott and Magee relate solely to their conduct towards him in trying to get his employment terminated and do not arise out of Blunt's brokerage business.

■ Perusal of the complaint discloses that all of plaintiff's claims have some connection to the brokerage business of Blunt. The division of commissions and the partnership agreement concerning the handling of certain accounts and various stock transactions were matters involving Blunt's business. In *Donaldson*, the Chicago Board of Trade rule in question required arbitration of disputes that arose out of Exchange business, while the NASD rule is broader, specifically covering disputes "arising out of or in connection with" the business of a member. Thus, *Donaldson* is distinguishable on it facts from the case at bar. Furthermore, any doubts concerning the applicability of the arbitration clause must be resolved in favor of arbitration in accordance with Federal law. *Austin Municipal Securities, Inc.*, 757 F.2d 676.

Accordingly, for the reasons stated, we affirm the order of the circuit court to compel arbitration.

Affirmed.

STOUDER and SLATER, JJ., concur.