DOUGLAS D. DANNEWITZ *et al.*, Plaintiffs-Appellees, v. EQUICREDIT CORPORATION OF AMERICA, Defendant-Appellant.

First District (6th Division)    No. 1—02—0858

Opinion filed August 9, 2002.

Dykema Gossett P.L.L.C., of Chicago (Arthur F. Radke and Sara E. Lorber, of counsel), for appellant.

Edelman, Combs & Latturner, L.L.C., of Chicago (Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, and Danity V. Ivory, of counsel), for appellees.

JUSTICE O'BRIEN delivered the opinion of the court:

Defendant, Equicredit Corporation of America, appeals the order of the circuit court denying defendant's motion to dismiss plaintiffs' complaint and compel arbitration. Plaintiffs, Douglas and Ellyn Dannewitz, cross-appeal the order of the circuit court denying their motion for sanctions. We affirm the order denying defendant's motion to dismiss and compel arbitration; we dismiss plaintiffs' cross-appeal.

Plaintiffs obtained a residential mortgage loan from HomeGold, Incorporated (HomeGold), on November 18, 2000. Shortly thereafter, HomeGold sold and assigned the note and mortgage to defendant. Plaintiffs later sued defendant for allegedly imposing an unlawful prepayment penalty.

Defendant filed a motion to dismiss and compel arbitration pursuant to section 2—619 of the Illinois Code of Civil Procedure (735 ILCS 5/2—619 (West 2000)). Defendant's motion was based upon the arbitration agreement that plaintiffs signed as part of their transaction with HomeGold. The arbitration agreement provides that "[a]ny Claim shall be resolved, *upon the election of you or us,* by binding arbitration pursuant to this Arbitration Agreement." (Emphasis added.) The arbitration agreement defines "us" as:

"HomeGold, Inc., all of its parents, wholly or majority owned subsidiaries, affiliates, predecessors, successors, and assigns; and all of the agents, employees, directors and representatives of such entities. In addition, *** 'us' mean[s] any third party providing any product or service in connection with the Credit Transaction (including but not limited to investors or potential investors, real estate brokers, mortgage brokers, credit bureaus, appraisers, mortgage life insurance companies, private mortgage insurance companies, closing agents, escrow agents, title insurance companies, loan originators, rating agencies and loan services) or any assignee of the Credit Transaction if, and only if, such third party is named as a codefendant with us in a Claim asserted by you."

In the trial court, the parties disputed whether defendant fell within the arbitration agreement's definition of "us" and, thus,

whether defendant could compel arbitration in this case. Defendant argued that, as an assignee of HomeGold, it fell within the first sentence of the definition ("HomeGold, Inc., all of its parents, wholly or majority owned subsidiaries, affiliates, predecessors, successors, and *assigns*" (emphasis added)) and thus may compel arbitration. Plaintiffs responded that, as an assignee of plaintiffs' note and mortgage, defendant fell within the second sentence ("any assignee of the Credit Transaction"), pursuant to which defendant could compel arbitration only if it was "named as a codefendant with" one of the entities designated as "us" in the first sentence. Since plaintiffs filed their complaint solely against defendant, and not against any of the other entities designated as "us" in the arbitration agreement, plaintiffs argued that defendant may not compel arbitration.

The trial court found that defendant fell within both the first and second sentences of the arbitration agreement's definition of "us." The trial court further found that, under the first sentence, defendant could compel arbitration; however, under the second sentence, defendant could not compel arbitration because none of the other entities designated as "us" in the first sentence were named as codefendants. The trial court resolved this inconsistency in favor of plaintiffs and denied defendant's motion to dismiss and compel arbitration.

■ Defendant filed this timely interlocutory appeal pursuant to Supreme Court Rule 307(a)(1) (166 Ill. 2d R. 307(a)(1)). See *Federal Signal Corp. v. SLC Technologies, Inc.*, 318 Ill. App. 3d 1101, 1105 (2001) (the denial of a motion to compel arbitration is analogous to a denial of injunctive relief and is appealable under Supreme Court Rule 307(a)(1)). The trial court's construction of the arbitration agreement is a matter of law subject to *de novo* review. *Caligiuri v. First Colony Life Insurance Co.*, 318 Ill. App. 3d 793, 800 (2000).

■ Defendant argues that the trial court erred in finding that the arbitration agreement's two-sentence definition of "us" is inconsistent. Defendant argues that the first sentence refers only to "direct" assignees of HomeGold, *i.e.*, those entities that purchased the loan directly from HomeGold, while the second sentence refers only to those additional entities that subsequently purchased the loan. Defendant argues that, as a "direct" assignee of HomeGold, it falls *only* within the first sentence of the definition, pursuant to which defendant may compel arbitration.

Defendant's argument fails, because the second sentence of the definition applies to "any" assignee of the credit transaction. Defendant was assigned the credit transaction (*i.e.*, plaintiffs' note and mortgage), and thus, defendant falls within the second sentence of the definition.

Defendant next argues that the second sentence's limitation on arbitration applies only to "third parties," not assignees. Defendant's argument fails, as the second sentence refers to assignees of the credit transaction as "third parties":

" '[U]s' mean[s] *** any assignee of the Credit Transaction if, and only if, *such third party* is named as a codefendant with us in a Claim asserted by you." (Emphasis added.)

As discussed, defendant is an "assignee of the Credit Transaction" and therefore falls within the second sentence.

In sum, defendant's attempts to reconcile the two-sentence definition are unavailing. The sentences are inconsistent because, under the first sentence, defendant, as an assignee of HomeGold, may compel arbitration; however, under the second sentence, defendant, as an assignee of the credit transaction, is prohibited from compelling arbitration because none of the entities designated as "us" in the first sentence were named as codefendants. The trial court correctly resolved this inconsistency in plaintiffs' favor, ruling that defendant may not compel arbitration. See, *e.g., Farmers & Mechanics Bank v. Davies*, 97 Ill. App. 3d 195, 201 (1981) (holding that an ambiguity or inconsistency in the mortgage must be construed against the lender); *Federal Deposit Insurance Corp. v. University Anclote, Inc.*, 764 F.2d 804, 806 (11th Cir. 1985) (contract construed against assignee of drafter as well as drafter).

■ Next, defendant argues that it may compel arbitration as a third-party beneficiary of the arbitration agreement. The third-party beneficiary doctrine applies to arbitration agreements. *Johnson v. Noble*, 240 Ill. App. 3d 731, 735 (1992). Where it is shown that the signatories to the agreement intended that the nonsignatories were to derive benefits from the agreement and where the arbitration clause itself is susceptible to this interpretation, then arbitration is proper. *Johnson*, 240 Ill. App. 3d at 735-36.

Here, as discussed, the trial court correctly construed the arbitration agreement against defendant and found that defendant could not compel arbitration. Under this construction, defendant is not an intended beneficiary under the arbitration agreement. Accordingly, the third-party beneficiary doctrine does not apply.

■ Next, defendant argues that the arbitrator (not the court) must decide whether plaintiffs agreed to arbitrate their claims against defendant. In support, defendant cites the arbitration agreement's definition of arbitrable claims: "any claim, dispute or controversy between you and us *** including the validity, enforceability or *scope of this Arbitration Agreement*." (Emphasis added.) Defendant also cites *Salsitz v. Kreiss*, 198 Ill. 2d 1 (2001), which held " 'when the

language of an arbitration clause is broad and it is unclear whether the subject matter of the dispute falls within the scope of [the] arbitration agreement, the question of substantive arbitrability should initially be decided by the arbitrator.' " *Salsitz*, 198 Ill. 2d at 9, quoting *Donaldson, Lufkin & Jenrette Futures, Inc. v. Barr*, 124 Ill. 2d 435, 447-48 (1988).

Here, the issue is whether plaintiffs can be compelled to arbitrate with the assignee of the entity with which they first agreed to arbitrate, in other words, the issue is whether defendant is a party to the arbitration agreement. Since this issue goes to the existence of the agreement between plaintiffs and defendant in the first place, the court (not the arbitrator) must decide the matter. See, *e.g.*, *I.S. Joseph Co. v. Michigan Sugar Co.*, 803 F.2d 396, 400 (8th Cir. 1986) ("the enforceability of an arbitration clause is a question for the court when one party denies the existence of a contract with the other"). As discussed, the trial court correctly ruled in favor of plaintiffs.

■ Next, we address plaintiffs' cross-appeal from the trial court's order denying their motion for sanctions. Defendant argues that we should dismiss plaintiffs' cross-appeal as it does not fall within the scope of Supreme Court Rule 307(a) and is not immediately appealable. Plaintiffs concede that this court lacks jurisdiction over their cross-appeal, and plaintiffs state that they "do not object" to its dismissal. Accordingly, we dismiss plaintiffs' cross-appeal.

For the foregoing reasons, we affirm the order of the circuit court denying defendant's motion to dismiss and compel arbitration; we dismiss plaintiffs' cross-appeal from the order of the circuit court denying their motion for sanctions.

Order affirmed; cross-appeal dismissed.

BUCKLEY and O'MARA FROSSARD, JJ., concur.