# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

April 3, 2003

**Before**

Hon. Daniel A. Manion, *Circuit Judge*

Hon. Michael S. Kanne, *Circuit Judge*

Hon. Ann Claire Williams, *Circuit Judge*

| | |
|---|---|
| NABISCO, INCORPORATED<br>        Plaintiff,<br>        Cross-Appellant,<br><br>Nos. 01-1711 and 01-2310     v.<br><br>AMERICAN UNITED LOGISTICS,<br>INCORPORATED,<br>        Defendant, Third Party<br>        Plaintiff-Appellant,<br>        Cross-Appellee,<br>    and<br><br>CENTRAL AMERICAN WAREHOUSE<br>COMPANY, INCORPORATED,<br>        Defendant, Third Party<br>        Plaintiff-Appellant,<br>    v.<br><br>SPECCO INDUSTRIES, INCORPORATED<br>and HYDRITE CHEMICAL COMPANY,<br>INCORPORATED,<br>        Defendants,<br>        Cross-Appellees,<br>    and<br><br>CATELLUS DEVELOPMENT CORPORATION,<br>KRUSINSKI CONSTRUCTION COMPANY,<br>BRANDONISIO CONSTRUCTION<br>CORPORATION, et al.,<br>        Defendants, Third Party<br>        Defendants-Appellees,<br>        Cross-Appellees, | ] Appeals from the United<br>] States District Court for<br>] the Northern District of<br>] Illinois, Eastern Division.<br>]<br>] No. 99 C 763<br>]<br>] Elaine E. Bucklo, Judge.<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] |



```
      and                                    ]
                                             ]
ARTLOW SYSTEMS and G.A. BLOCKER              ]
GRADING CONTRACTOR, INCORPORATED,            ]
        Third Party                          ]
        Defendants-Appellees.                ]
```

The following are before the court:

1.      PETITION FOR REHEARING, filed on February 26, 2003, by counsel for Nabisco, Inc.

2.      PETITION FOR REHEARING, filed on February 26, 2003, by counsel for American Warehouse Co., Inc.

3.      MOTION FOR CLARIFICATION, filed on February 25, 2003, by counsel for Catellus Development Corp.

On consideration of the petitions for rehearing, all members of the original panel have voted to DENY the petitions for rehearing.

Accordingly, the petitions for rehearing are DENIED.

The slip opinion issued in the above-entitled case on February 12, 2003, is hereby amended as follows:

On page 7, in the last paragraph, omit the following section: "Although Nabisco spent more to address the contamination than it was entitled to recover from AUL, Nabisco accepted this risk when it contracted to hold AUL responsible for a maximum of $1 million for breaching this term. Nabisco cannot circumvent this bargained-for limitation by suing in tort for those disappointed commercial expectations addressed in the contract. *See Moorman*, 435 N.E.2d at 450. Its negligence claim against AUL is therefore barred by the economic loss doctrine."

Replace this section with the following: "Although Nabisco spent a considerable amount to address the contamination, these damages were contemplated in the contract. *See Moorman*, 435 N.E.2d at 450. Nabisco's negligence claim against AUL is therefore barred by the economic loss doctrine."

On the top of page 3, omit the following sentence: "Under the warehouse agreement, AUL's liability for any damage to Nabisco's property was limited to $1 million per occurrence."

On p.14, omit the following sentence: "Thus, the district court's ruling requiring mandatory arbitration for Catellus's breach of warranty claims is reversed and the issue of whether there was a valid assignment of Central's rights to Catellus is remanded for further proceedings."

Replace that sentence with the following: "Additionally, if the district court finds that the express warranties in Artlow and Brandonisio's work letters were issued to Catellus and that Catellus validly assigned those rights, Central has a right to maintain breach of express warranty claims against Artlow and Brandonisio based on those letters.  Thus, the district court's ruling requiring mandatory arbitration for Catellus's breach of warranty claims is reversed and the issues of whether there was a valid assignment of Central's rights to Catellus and whether the express warranties in the work letters were issued to Catellus are remanded for further proceedings."

        IT IS FURTHER ORDERED that the petition for clarification is granted.

        The slip opinion is amended as follows:

On p. 16, after the sentence  "Therefore, AUL has stated a valid third-party beneficiary claim under Illinois law.", add the following section:

"However, because the tenant lease between Central and Catellus contains an arbitration clause and the Federal Arbitration Act governs here, we affirm the district court's finding that AUL's claim against Catellus is subject to arbitration.  *See Draper v. Frontier Ins. Co.*, 638 N.E.2d 1176, 1179 (Ill. App. Ct. 1994) ("[A] third-party beneficiary to a contract has no greater rights than the party under which she claims."); *Johnson v. Noble*, 608 N.E.2d 537, 541 (Ill. App. Ct. 1992) (applying the third-party beneficiary doctrine to an arbitration agreement governed by the Federal Arbitration Act); *see also Cent. States, Southeast & Southwest  Areas Pension Fund v. Gerber Truck Serv., Inc.*, 870 F.2d 1148, 1151 (7th Cir. 1989) ("Third-party beneficiaries usually take contracts as they find them.")."

On p. 16 in the conclusion, omit the phrase "REVERSE the judgment of the court regarding AUL's third-party beneficiary claims."

Replace this phrase with the following:  "REVERSE in part and AFFIRM in part the judgment of the court regarding AUL's third-party beneficiary claims."