896 So.2d 851 (2005)
Keith SINGER, Appellant,
v.
Patrick GAINES, Mitchell Smith, and Gaines & Smith Financial Group, Inc., Appellees.
No. 3D04-2671.
District Court of Appeal of Florida, Third District.
February 23, 2005.
*852 Mintz, Truppman, Clein & Higer and Michael Higer, Miami, for appellant.
Kubicki Draper and Lisa R. Patten (Orlando), for appellees.
Before SHEPHERD, CORTINAS, and ROTHENBERG, JJ.
CORTINAS, Judge.
The plaintiff below, Keith Singer, appeals from a non-final order compelling arbitration and staying the action. We affirm.
From September 1996 until April 2001, Keith Singer was employed as a financial advisor with Robert W. Baird and Company and its broker/dealer, Northwestern Mutual Life Insurance Company. In February 2001, Singer executed a written contract of employment with Gaines and Smith Financial Services (GSFS). In April 2001, after completing pending business at Robert W. Baird and Company, Singer joined GSFS and registered with the National Association of Securities Dealers (NASD) by executing a Form U-4 identifying Metropolitan Life Insurance Company (MetLife), GSFS's broker/dealer, as his new broker/dealer. The Form U-4 contained the following arbitration clause:
I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the [NASD]. . . .
Further, Form U-4 also contained an Arbitration Disclosure Statement that provided, in pertinent part, as follows:
You are agreeing to arbitrate any dispute, claim or controversy that may arise between you and your firm, or a customer, or any other person that is required to be arbitrated under the rules of the self-regulatory organizations with which you are registering. This means you are giving up the right to sue a member, customer, or other associated person in court, including the right to a trial by jury, except as provided by rules of the arbitration forum in which a claim is filed.
In May 2002, GSFS changed its broker/dealer from MetLife to Jefferson Pilot Life Insurance Company (Jefferson Pilot), and as a result, Singer executed a new Form U-4 identifying Jefferson Pilot as his broker/dealer. In July 2003, Jefferson Pilot terminated Singer as a registered representative of the company. GSFS also terminated his employment.
Thereafter, Singer filed an amended complaint against GSFS and its principals, Patrick Gaines and Mitchell Smith, alleging that they fraudulently induced him into entering into an employment contract. Specifically, Singer alleged that Gaines and Mitchell falsely represented that they would provide him with ample support staff, significant marketing programs, and guidance from producers who had made more than $2.7 million in revenue in the prior year.
*853 The defendants filed a renewed motion to compel arbitration arguing that Singer's claims were subject to arbitration under the NASD Code of Arbitration because, when registering with the NASD, Singer had executed a Form U-4 that contained a provision requiring such arbitration. In support of the motion, the defendants filed the Form U-4 that Singer had executed identifying Jefferson Pilot as his broker/dealer.
On July 19, 2004, after hearing arguments of counsel, the trial court granted the defendants' renewed motion to compel arbitration and stay the action. Singer's appeal follows.
First, Singer contends that the trial court erred by compelling arbitration because the NASD Code of Arbitration does not provide for arbitration of claims between "associated persons."[1] We disagree.
Rule 10101 of the NASD Code of Arbitration defines "Matters Eligible for Submission," in relevant part, as follows:
[A]ny dispute, claim, or controversy arising out of or in connection with the business of any member of the Association, or arising out of the employment or termination of employment of associated person(s) with any member . . .:
(a) between or among members;
(b) between or among members and associated persons;
(c) between or among members or associated persons and public customers, or others;
(emphasis added).
Singer, who opposes arbitration, urges this court to adopt a narrow construction of NASD Rule 10101. Singer claims that Rule 10101 provides for arbitration between members in subsection (a), between members and associated persons in subsection (b), and between members or associated persons and public customers or others in subsection (c). Singer relies primarily on Wojcik v. Aetna Life Insurance & Annuities Co., 916 F.Supp. 729 (N.D.Ill.1996). When examining a prior version of NASD Rule 10101, the Wojcik court determined that "[it] limits the scope of disputes eligible for arbitration to those between or among members; between or among members and associated persons; or between or among members or associated persons and public customers, or others." Wojcik, 916 F.Supp. at 732. The Wojcik court found that this Rule was unambiguous and concluded that a dispute solely "among associated persons" does not fall within the plain language of the Rule. Wojcik, 916 F.Supp. at 733.
In contrast, the defendants, who seek to compel arbitration, contend that subsection (c) of Rule 10101 should be read more broadly to include claims "among associated persons."[2] The defendants argue that NASD Rule 10101 is ambiguous as to disputes among associated persons and, because it is susceptible to more than one reasonable interpretation, any doubts concerning the scope of the arbitrable issues should be resolved in favor of arbitration. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). In support of their position, the defendants rely on In re Scott, 100 S.W.3d 575 (Tx.Ct.App.2003), and McDonald v. Mabee, 241 Ill.App.3d 340, 181 Ill.Dec. 519, 608 N.E.2d 592 (holding that claims among associated persons are subject to arbitration under NASD Rule 10101), appeal denied, 151 *854 Ill.2d 566, 186 Ill.Dec. 384, 616 N.E.2d 337 (1993). Because we cannot say that the unambiguous language of NASD Rule 10101 excludes the arbitration of claims among associated persons, we agree with the reasoning in Scott and McDonald and adopt their holdings.
The defendants' contention that NASD Rule 10101 contemplated arbitration among associated persons is also supported by reading this Rule in conjunction with NASD Rules 10201(a)(3)[3] and 10216(f)[4], both of which assume that arbitration claims may be brought among associated persons. We agree that any other reading of Rule 10101 would render Rules 10201(a)(3) and 10216(f) meaningless.
Next, Singer contends that because NASD Rule 10201 limits arbitrable disputes to those that arise out of the business of a member or the employment or termination of employment of an associated person, he is not compelled to arbitrate. Singer argues that his claim for fraudulent inducement is based on false representations made by Mitchell and Gaines prior to his entry into the employment contract with GSFS and that, as such, it falls outside the scope of the arbitration provision. We disagree.
Rule 10201(a) requires that claims "arising out of the employment or termination of employment of such associated person(s)" be submitted to arbitration. This requirement does not mean that the controversy must arise from an employment contract; it simply requires that the controversy arise from employment or termination of employment. Bielfeldt v. Nims, 805 N.E.2d 415, 420 (Ind.Ct.App.2004). In determining whether a controversy arises out of employment or termination, "`the proper question is whether resolution of the claim depends upon evaluation of a party's performance either as a broker or as an employer of brokers during the time of the contractual relationship.'" Northwestern Mut. Life Ins. Co. v. Stinnett, 698 N.E.2d 339, 342 (Ind.Ct.App.1998)(quoting Zandford v. Prudential-Bache Secs., Inc., 112 F.3d 723, 729 (4th Cir.1997)).
To determine whether a claim falls within the scope of an arbitration agreement, we must look beyond the legal cause of action and examine the factual allegations of the complaint. Scott, 100 S.W.3d at 581. Further, we note that the burden is on the party opposing arbitration to show that the claims at issue fall *855 outside the scope of the arbitration agreement. Scott, 100 S.W.3d at 581.
In this case, Singer alleged that the defendants fraudulently induced him to join GSFS by falsely representing that they would provide him with ample support staff, significant marketing programs, and guidance from producers who had made more than $2.7 million in revenue in the prior year. Because this inquiry necessarily requires evaluation of the performance of the defendants as an employer of brokers, we conclude that Singer has not met his burden of showing that the claims presented fall outside the scope of the arbitration provision.
For these reasons, we affirm the order compelling arbitration and staying the action.
Affirmed.
NOTES
[1] The parties do not dispute that they are "associated persons" as they properly registered with the NASD.
[2] The defendants agree with Singer's construction of subsections (a) and (b) of Rule 10101.
[3] NASD Rule 10201, titled "Required Submission," provides, in pertinent part:

(a) [A] dispute, claim, or controversy . . . between or among members and/or associated persons, and/or certain others, arising in connection with the business of such member(s) or in connection with the activities of such associated person(s), or arising out of the employment or termination of employment of such associated person(s) with such member, shall be arbitrated under this Code, at the instance of:
(1) a member against another member;
(2) a member against a person associated with a member or a person associated with a member against a member; and
(3) a person associated with a member against a person associated with a member.
(emphasis added).
[4] NASD Rule 10216, titled "Coordination of Claims Filed in Court and in Arbitration," provides, in pertinent part:

(f) Motion to Compel Arbitration
If a member or a current or former associated person of a member files in court a claim against a member or a current or former associated person of a member that includes matters that are subject to mandatory arbitration, either by the rules of the Association or by private agreement, the defending party may move to compel arbitration of the claims that are subject to mandatory arbitration.
(emphasis added).